**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4888**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

ROBERT LEE MILLER, a/k/a Bobby,

              Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Wheeling.  Frederick P. Stamp,
Jr., Senior District Judge.  (5:09-cr-00032-FPS-JES-3)

Submitted:  April 22, 2010            Decided:  May 20, 2010

Before TRAXLER, Chief Judge, and MOTZ and AGEE, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West
Virginia, for Appellant.  John C. Parr, Assistant United States
Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Lee Miller appeals his conviction and sentence of twenty-four months of imprisonment imposed after he pled guilty, pursuant to a plea agreement, to one count of aiding and abetting the distribution of cocaine base within 1000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 860 (2006). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states there are no meritorious issues for appeal, but questions whether the district court erred in accepting Miller's guilty plea and concluding that his plea was knowing, intelligent, and voluntary. Miller was advised of his right to file a pro se supplemental brief, but has not filed a brief. The Government has moved to dismiss Miller's appeal based upon a waiver of appellate rights in his plea agreement.

This court reviews the validity of a waiver de novo, United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991).

2

To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid. Wessells, 936 F.2d at 167-68. In this case, Miller does not assert that his waiver was not voluntary, and our review of the record leads us to conclude that Miller's waiver of his right to appeal was knowing and voluntary and should be enforced to preclude any review of potential sentencing error. Miller's waiver does not, however, include a waiver of his right to appeal his conviction, which counsel raises by questioning whether the district court complied with Fed. R. Crim. P. 11 and properly found Miller's plea knowing, intelligent, and voluntary.

Because Miller did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). The record reveals that the district court substantially complied with the requirements of Rule 11 in

3

accepting Miller's guilty plea, and ensured that Miller's plea was knowing and voluntary and supported by a sufficient factual basis.  See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Accordingly, we deny the Government's motion to dismiss in part and affirm Miller's conviction.  We grant the motion to dismiss with regard to any potential sentencing error that may be revealed by our review pursuant to Anders.  In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal that are not encompassed by the appeal waiver.  This court requires that counsel inform Miller, in writing, of the right to petition the Supreme Court of the United States for further review.  If Miller requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Miller.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4